United States District Court
Southern District of Texas
**ENTERED**
April 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS | § | CRIMINAL ACTION NO. H-17-676-2 |
| | § | CIVIL ACTION NO. H-21-2481 |
| BRANDON RASHARD CARTER | § | |

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION**

Pending before the Court in the above referenced proceeding is Movant Brandon Rashard Carter's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 196); Motion to Supplement/Modify his § 2255 Motion (Doc. No. 203); the United States' Motion to Dismiss, Motion to Vacate under 28 U.S.C. 2255 and Government's Response (Doc. 220); Movant's Response to the Government's Motion (Doc. No. 222); and Judge Stacy's Memorandum and Recommendation (Doc. No. 225) that the Court deny the § 2255 Motion and grant the United States' Motion for Dismissal. Movant filed objections to the Memorandum and Recommendation. (Doc. No. 226).

**Standard of Review**

Objections timely filed within fourteen days of entry of the United States magistrate judge's memorandum and recommendation must specifically identify the findings or recommendations for which the party seeks reconsideration. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Fed. R. Crim. P. 59(b)(2); *United States v. Moreno*, No. CR H-03-235, 2017 WL 635503, at *2 (S.D. Tex. Feb. 16, 2017) (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)). The court does not have to consider "frivolous, conclusive, or general objections." *Moreno*, 2017 WL 635503, at *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam)). Findings by the magistrate judge

to which the party specifically objects must be reviewed *de novo* under 28 U.S.C. § 636(b)(1)(C). *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Where the Movant untimely filed objections or did not specifically object to findings of the magistrate judge, after a warning, the Court will review the memorandum and recommendation only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Gamez v. United States*, No. SA-06-CR-401-XR, 2014 WL 2114043, at *2 (W.D. Tex. May 20, 2014) (citing *Wilson*, 864 F.2d at 1221); *see Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) (holding that where a party was advised that he must timely file objections, and he did not timely file objections, that he is entitled only to plain error review of the magistrate judge's recommendation). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Once a defendant has been convicted and has exhausted or waived his or her right to appeal, a Court may presume that he or she "stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Therefore relief under § 2255 is limited to "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). The court's ability to reduce or modify a sentence of imprisonment once it has been imposed is restricted. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) (per curiam). There are four grounds on which a defendant may move to vacate, set aside, or correct his or her sentence under § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the [district] court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; and (4) the sentence was

"otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A defendant can challenge [his or her] conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his[ or her] procedural default and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citations omitted).

The Court has carefully reviewed, *de novo*, the filings, the applicable law, the Magistrate Judge's Memorandum and Recommendation, and the objections thereto. Based upon this review, the Court hereby adopts the Magistrate Judge's Memorandum and Recommendation as its own with one major exception.

This Court does not adopt the Memorandum and Recommendation with respect to the finding that Movant's Motion to Set Aside was not timely filed. It was filed on March 25, 2021. This Court granted movant until March 25, 2021 to filed his motion. This motion was granted due to the unprecedented lock downs in the prison due to the COVID-19 pandemic. Movant made a timely motion for more time twice which this Court granted both times. This Court finds that Movant's pleadings were timely filed under the doctrine of equitable tolling.

This finding, however, does not mean that the Court finds Movant's motion or his objections to be meritorious. As stated above, the Court has reviewed the arguments and pleadings of both sides *de novo* and it overrules Movant's actual claims on the merits. Accordingly, it is hereby

**ORDERED** that the Memorandum and Recommendation (Doc. No. 225) is **ADOPTED in PART**; Movant's Motion to Supplement/Modify § 2255 Motion (Doc. No. 203) is **DENIED as MOOT**; Movant Brandon Rashard Carter's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 196) is **DENIED**; Movant's Objections to the Memorandum and Recommendation (Doc. No.

226) are are granted as to timeliness of his motion, but are **OVERRULED** on the merits; and the United States' Motion to Dismiss is **GRANTED**,

SIGNED at Houston, Texas, this ___7th___ day of April 2022.

                                                ANDREW S. HANEN
                                                UNITED STATES DISTRICT JUDGE